(Pleito No. 227.—Fallado el 1º de Diciembre de 1902.)

## Casado contra Malpica.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

Recurso. El Tribunal Supremo declarará sin lugar un recurso en que no se cite documento o ley alguna que acredite el error del Tribunal contra cuya sentencia se interpuso el recurso.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á primero de Diciembre de mil novecientos dos, en el pleito iniciado en el Tribunal del Distrito de San Juan, por Don Miguel Casado y Rivera, en representación de sus menores y legítimos hijos Fabiana, Sebastiana María, Bonifacia, María Cristina y Servio Casado y Canales contra el Estado, contra Don Sandalio Charbonier y Passalacqua y Don Eugenio Malpica, el primero empleado cesante y el segundo farmacéutico y vecino de la Carolina, sobre reivindicación de terrenos; pendiente ante Nos, en virtud de recurso de casación por infracción de ley interpuesto por el demandante, representado y dirigido por el Letrado Don Rafael Palacios Rodríguez, estando declarado rebelde Don Sandalio Charbonier y sin que Don Eugenio Malpica se personare ante este Tribunal, habiéndose celebrado la vista con la sola asistencia del Fiscal en representación del Estado, quien impugnó el recurso.

—Resultando: Que en diez y siete de Septiembre de mil ochocientos noventa y nueve Don Miguel Casado y Rivera, en la representación que ostenta, formuló su demanda en juicio declarativo, ejercitando la acción reivindicatoria y con la pretensión de que se declarase á su favor el mejor derecho á la propiedad de ciento setenta y cuatro cuerdas y media de terreno radicadas en el barrio de Ciénaga-alta, término municipal de Río Grande, y que hoy posee Don Eugenio Malpica, por venta que le hizo Don Sandalio Charbonier y Passalacqua, que á su vez las adquirió en subasta pública de la extinguida Intendencia General de Hacienda, y que al propio tiempo se declare nulo el expediente posesorio que ésta instruyó y nulas todas las inscripciones del Registro de la Propiedad que á dicha porción de terreno se refieran.— Resultando: Que seguido el pleito por todos sus trámites y practicadas las pruebas propuestas por el demandante, por el Fiscal y por Don Eugenio Malpica, actual poseedor de la finca que se reivindica, el Tribunal del Distrito de San Juan, en cinco de Julio del año anterior, pronunció sentencia absolviendo de la demanda á las partes demandadas, con todas las costas al actor, por varios fundamentos; siendo uno de ellos el de que para ejercitar con éxito la acción reivindicatoria, nacida del dominio, es necesario que se identifiquen los bienes de que se trata y se justifique y pruebe aquel derecho real, requisitos no cumplidos por el actor, puesto que ni se acompañaba título de propiedad inscrito en el Registro de la Propiedad ni la prueba ha sido suficiente para la identificación de la porción de terreno á que la demanda se contrae.—Resultando: Que Don Miguel Casado y Rivera, en nombre de sus menores y legítimos hijos, ha interpuesto recurso de casación por infracción de ley, autorizado por el artículo 1,690, números 1 y 7, de la Ley de Enjuiciamiento Civil, alegando haberse cometido, en la sentencia recurrida, las infracciones que literalmente se expresan así:—1ª El artículo 348 del Código Civil, porque se trata el título de Casado como una simple adjudicación, negándosele el carác-

ter que tiene de verdadero título de dominio y además porque se estiman como necesarias para la acción reivindicatoria requisitos que no lo son;—2ª El artículo 397 de la Ley Hipotecaria y Reales Órdenes de treinta de Noviembre de mil ochocientos noventa y cuatro y diez y ocho de Junio de mil ochocientos noventa y cinco, porque no produciendo efectos legales los asientos contenidos en las antiguas Anotadurías de hipotecas, sin haberse trasladado á los modernos libros dentro del plazo de un año que fijó la ley, se ha venido considerando con eficacia la hipoteca que, constituída por Franco á favor del Estado, de autos consta que nunca se trasladó á los nuevos libros del Registro de la Propiedad;—3ª La Orden Judicial de cuatro de Abril de mil ochocientos noventa y nueve, reformando el artículo 1,957 del Código Civil, porque según se desprende del mismo razonamiento del cuarto Considerando de la sentencia, tal reforma no es aplicable al caso que aquí se ventila;— 4ª Los artículos 1,950 y 1,952, porque Charbonier en su calidad de funcionario público no podía ignorar que el hecho de rematar él mismo, tierras que embargó la Intendencia en un expediente en que dicho Charbonier había intervenido, no sólo era censurable, sino penable con arreglo al artículo 408 del Código Penal y además porque el título posesorio de Malpica no es, ni puede ser, el justo título de dominio á que se refiere el propio artículo 1,952, que cito como infringido;—5ª El artículo 1,953, porque para que pudiera existir la prescripción que en perjuicio de Casado se afirma en los Considerandos 4, 6 y 7, para ello, repito, era necesario que los títulos de los demandados fuesen verdaderos y válidos, y este carácter no lo han tenido nunca;—6ª El 33 de la Ley Hipotecaria, porque no convalidando la inscripción los autos nulos, no ha podido legalmente considerarse el título posesorio de los demandados que se inscribió sin perjuicio de tercero, superior al del demandante;—7ª El 394 de la citada Ley Hipotecaria, porque, no obstante haber acreditado Casado y Rivera la

adjudicación de que he venido hablando, y que por sí sola es un título de dominio, háse considerado con efectos de tal el título posesorio inscrito, que debió quedar sin valor tan pronto como apareció el de mi representado;—8ª Los artículos 433, 434, 435 y 436 del Código Civil, porque no son de aplicación, toda vez que lo que se discute en estos autos no es la posesión y sí la propiedad.—Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués:—Considerando: Que cuando se impugna la apreciación de las pruebas hecha por el Tribunal sentenciador, y se funda por tanto, el recurso en el número 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, es indispensable invocar las leyes que demuestren el error de derecho ó el documento ó acto auténtico que revele de modo claro la equivocación evidente del juzgador, y, si así no se hace, es imposible resolver sobre los errores ameritados, según el número 9 del artículo 1,727 de la ley citada.—Considerando: Que en todos los motivos del presente recurso supone el recurrente probados á su favor el dominio y la identidad de la finca que trata de reivindicar, no obstante la afirmación contraria del Tribunal que debe aceptarse sin discusión, puesto que no se cita ley ni documento alguno para acreditar su error.—Considerando: Que en tales condiciones no cabe más que aceptar el criterio jurídico que la sentencia sustenta.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por Don Miguel Casado y Rivera, en la representación que ostenta, á quien condenamos en las costas; y líbrese á la Corte del Distrito de San Juan certificación correspondiente, con devolución de los autos que ha remitido.—Así por esta nuestra sentencia, que se publicará en la Colección de Sentencias de este Tribunal, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.—J. H. MacLeary.

Publicación.—Leída y publicada fué la anterior sentencia

por el Sr. Juez Asociado de este Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á primero de Diciembre de mil novecientos dos.—Antonio F. Castro, *Secretario*.